UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL FULLILOVE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:16-CV-2143 PLC |
| DALE GLASS[1], | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241[2]. Petitioner, a pretrial detainee at the Medium Security Institution, has filed his petition on the grounds that he believes he has been unlawfully restrained and deprived of his rights because as a "White…American Indian,…Indigenous Moor" he does not believe he can be lawfully imprisoned by the State of Missouri. The petition will be summarily dismissed due to petitioner's failure to exhaust his state court remedies.

**Procedural Background**

Accordingly to Missouri.Case.Net, petitioner was served with an arrest warrant on March 11, 2014. He was subjected to a grand jury indictment on April 1, 2014. Petitioner was charged with: unlawful possession of a firearm; resisting arrest by fleeing; two counts of possession of a controlled substance; and unlawful use of drug paraphernalia. All of the counts against petitioner

---

[1] Dale Glass is currently the Warden at the Medium Security Institution and is therefore the proper respondent in this action.

[2] Although this matter was filed as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, this action is more properly brought under 28 U.S.C. § 2241 given that petitioner is a pretrial detainee and is seeking release from his imprisonment prior to his criminal trial.

1

were felonies except for the last count. Petitioner was able to post bond on August 4, 2014, in a surety amount of $50,000. *See State v. Fullilove*, No. 1422-CR00351-01 (22nd Judicial Circuit, St. Louis City Court).

On February 24, 2015, petitioner failed to appear for a hearing, and he had his indigency status revoked, leaving him without assigned counsel. On March 16, 2015, when he again failed to appear in Court, petitioner had his $20,000 of his bond revoked, and a capias warrant was issued for his arrest. Petitioner was not served with the warrant until August 18, 2015. At that time, the Court reset the bond to $10,000 and authorized the petitioner to again post bond, in an amount of $10,000. Petitioner posted bond on September 10, 2015. On January 29, 2016, petitioner again failed to appear, and a capias warrant was again issued for petitioner. The Court ordered a bond forfeiture hearing scheduled. Petitioner has since remained in custody.

In December of 2015, petitioner indicated that he wished to represent himself in his criminal matter. The Court ordered, after a hearing on the matter on February 6, 2017, that petitioner should be able to represent himself and that copies of discovery should be sent to him at the Medium Security Institution.

**Petition and Supplemental Filings**

As noted above, petitioner alleges that he is a Moor and he states that he is a "sovereign citizen," by virtue of his Moorish religion. In other words, it appears that he believes that his "nationality" gives him a status in the United States of an "indigenous people," not subject to the laws of the Constitution, the Federal Government or the State of Missouri. Like many of the prior Moorish cases before this Court, petitioner argues that "Europeans" are latecomers to the United

States and Moors never granted the European Americans citizenship. Thus, petitioner argues that American laws cannot deprive him of his rights and privileges.[3]

In the present action, petitioner asserts that he "is being forcibly restrained in the jail through an unconstitutional act made criminal by an unconstitutional law created by an unconstitutional statute." He claims that his bond was excessive and in violation of his "indigenous rights," and the Courts processed him through "forced assimilation" and "destruction of their culture."[4]

In his request for relief, petitioner seeks "immediate discharge from imprisonment" and "to dismiss the case."

Before delving into the discussion in this matter, the Court feels compelled to address petitioner's supplemental filings in this matter. Petitioner has attempted to file a number of supplements to his petition in this matter. **All of the supplements** are signed by a non-party to this action, someone petitioner has designated as a "lawful power of attorney."

First and foremost, the Court does not accept supplements to a pleading without leave of Court. Adding claims by interlineation and supplements is extremely confusing to the Court, and it is not allowed. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir.2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion). Rather, if petitioner wished to add to his claims he should have

---

[3]These arguments are frivolous. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (per curiam); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013), *cert. denied*, 2014 WL 1621678 (May 27, 2014).

[4]Plaintiff has also alleged claims that are more appropriately brought in an action for civil rights violations under 42 U.S.C. § 1983. For example, he claims in a conclusory fashion that he was subjected to excessive force when the "police violated his rights on a covenant," and his health his deteriorating" in jail and he needs medical attention. If plaintiff wishes to pursue these claims he needs to file a new action pursuant to 42 U.S.C. § 1983.

submitted an entirely new amended petition that encompassed the entirety of his claims. As such, the Court will only look at the claims that are encompassed within his original petition.

Additionally, petitioner has not sought leave to have someone act as his representative in this matter pursuant to Fed.R.Civ.P.17, nor has the individual who has attempted to file supplements on his behalf indicated that she is an attorney authorized to practice law before this Court. The Court will not accept filings from this individual, one Sionya Haley. All of petitioner's supplements to his petition will be stricken as improperly filed. This will also include the improperly filed "Notice of Consent to Magistrate Judge Jurisdiction."

## Discussion

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *See also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that special circumstances existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).[5]

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies. Petitioner's allegations are conclusory and do not contain any facts, which if proved, would demonstrate that he has been deprived of the

---

[5] It appears that petitioner's prior counsel waived his speedy trial rights.

right to a speedy trial or that he has been put in double jeopardy. Additionally, the claims raised by petitioner can be adequately raised at trial and in subsequent state proceedings. Even petitioner's conclusory assertion that his state court bond was excessive is not borne out by the evidence in the state court record. It was petitioner's own failure to appear on three separate occasions that resulted in the forfeiture of the bond. Thus, it cannot be said that a larger bond would be excessive in such circumstances.

As a result of the aforementioned, the Court will deny the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED for failure to exhaust state court remedies**.

**IT IS FURTHER ORDERED** that petitioner's supplemental filings to his petition [Doc. #6, #7, #8 and #10] are **STRICKEN as improperly filed**.

**IT IS FURTHER ORDERED** that to the extent petitioner's application for writ of habeas corpus includes any claims brought pursuant to 42 U.S.C. § 1983, those claims are **DISMISSED without prejudice** so that petitioner may refile them in a civil rights action at a later time.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 16th day of February, 2017.

                                          HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE