**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

MICHAEL FULLILOVE,             )
                                      )
            Petitioner,           )
                                        )
      v.                      )          No. 4:16CV2143   PLC
                                        )
DALE GLASS,                    )
                                      )
            Respondent.      )

## OPINION, MEMORANDUM AND ORDER

Before the Court is petitioner's motion for reconsideration of the dismissal of this matter. Also before the Court is petitioner's request for recusal of the undersigned. Both requests will be denied.

Petitioner, a pretrial detainee at the St. Louis Medium Security Institution, filed his petition on the grounds that he believed he was unlawfully restrained and deprived of his rights because as a "White…American Indian,…Indigenous Moor" he did not believe he could be lawfully imprisoned by the State of Missouri. The Court reviewed his action pursuant to 28 U.S.C. § 2241[1] and dismissed the action due to petitioner's failure to exhaust his state court remedies. Petitioner asserts in his motion for reconsideration that this Court acted "improperly" in dismissing his case. Petitioner's motion for reconsideration is primarily based on his belief that the undersigned should not have ruled on the dismissal order.

### A. Motion for Recusal

---

[1] Although this matter was filed as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, this action is more properly brought under 28 U.S.C. § 2241 given that petitioner is a pretrial detainee and was seeking release from his imprisonment prior to his criminal trial.

Petitioner asks for reconsideration of the dismissal of this action because he believes wrong Judge was assigned to the "dismissal" of his case. He states that Magistrate Judge Patricia Cohen was assigned to this matter; thus, he does not understand how the undersigned was involved in the dismissal order.

Petitioner's action was reviewed, pre-service, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases.  Pursuant to Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Although this case was first randomly assigned to a Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1), **full consent of both parties** was need for Magistrate Judge Cohen to conduct the preliminary review and **dismissal** of any claims or parties in this matter. *Id.* Until full consent of both parties was attained, a District Judge had to be assigned to the instant matter to preside over any dismissals of any parties or claims in the action. In order to attain full consent in this matter, preliminary review had to happen and only then could issuance of the petition occur. Because petitioner's application for writ did not issue on respondent in this case, full consent did not occur in this matter.

Petitioner asks the undersigned to recuse himself from this matter because the undersigned has ruled against petitioner by dismissing the instant action. Petitioner offers no other basis for showing that the Court has failed to treat his case with impartiality.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  *See Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). When a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" he must recuse himself.  28

U.S.C. § 455(b)(1). "This restriction is intended to 'promote public confidence in the integrity of the judicial process.'" *Moran*, 296 F.3d at 648 (quoting *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 859-60 (1988)). "Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant–section 455(a) sets an objective standard that does not require scienter." *Id.* (citations omitted). "[The issue is framed] as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *Id.* (quoting *In re Kansas Pub. Employees Retirement Sys.,* 85 F.3d 1353, 1358 (8th Cir. 1996)). However, "'[a]n unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal.'" *Id.* (quoting *Harris v. Missouri,* 960 F.2d 738, 740 (8th Cir.1992)).

"Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are counsel's unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985).

Petitioner's motion for recusal is frivolous. Petitioner's allegations regarding the Court's bias are conclusory and are not supported by any facts. As a result, his request will be denied.

### B.  Motion for Reconsideration

Petitioner asserts in his motion for reconsideration that he is an "indigenous flesh and blood man and this Court has not proven jurisdiction over the flesh and blood people of Cahokia. Petitioner alleges that the Court has no jurisdiction to render a judgment or decree over him because he is a sovereign citizen. Petitioner's jurisdictional claim has absolutely no merit and is

patently frivolous. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument that he was sovereign citizen). As a result, the Court will deny petitioner's request for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration of the dismissal of this action [Doc. #13] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's request for recusal of the undersigned [Doc. #13] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

.Dated this 28th day of April, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE